UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23796-CMA

GUILLERMO JAIME,

    Plaintiff,

v.

SOUTH FLORIDA JAIL MINISTRIES, INC.
d/b/a AGAPE FAMILY MINISTRIES,
SOUTH FLORIDA JAIL MINISTRIES, INC
d/b/a AGAPE NETWORK and CLAUDIO
M. PEREZ,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, South Florida Jail Ministries, Inc., d/b/a Agape Family Ministries, South Florida Jail Ministries, Inc., d/b/a Agape Network and Claudio M. Perez, Answers the First Amended Complaint herein, and states as follows:

1. The Defendants admit that Plaintiff seeks to assert a claim under the Fair Labor Standards Act, but deny that Plaintiff is entitled to any such relief.

2. The Defendants lack sufficient information to admit or deny the allegations in paragraph 2, and all such allegations are therefore denied.

3. The allegations of paragraph 3 are admitted as to South Florida Jail Ministries, Inc.

4. The allegations of paragraph 4 are admitted as to South Florida Jail Ministries, Inc.

5. The Defendants lack sufficient information to admit or deny the allegation in paragraph 5 of the Amended Complaint, and therefore such allegations are denied.

6. In response to paragraph 6 of the First Amended Complaint, the Defendants admit that the alleged acts or omissions on which Plaintiff seeks to recover occurred in Miami-Dade County, but deny that Plaintiff is entitled to any recovery.

7. The first sentence in paragraph 7 is admitted. In response to the second sentence the Defendants admit that Plaintiff asserts that this is a collective action, but deny that the Plaintiff is entitled to proceed on behalf of others, and further deny that any other employees are entitled to any recovery herein.  The allegations in the third sentence of paragraph 7 are denied.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are admitted.

10. The Defendants admit that Plaintiff was employed by South Florida Jail Ministries, Inc., at certain times material to this claim, but all remaining allegations of paragraph 10 of the First Amended Complaint are denied as phrased.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted.

13. The Defendants lack sufficient information to admit or deny the allegations in paragraph 13, and all such allegations are therefore denied.

14. The Defendants lack sufficient information to admit or deny the allegations in paragraph 14, and all such allegations are therefore denied.

15. The Defendants lack sufficient information to admit or deny the allegations of paragraph 15 of the First Amended Complaint, and further state that these allegations are totally immaterial and irrelevant to the Plaintiff's claim and should therefore be stricken.

16. The allegations of paragraph 16 of the First Amended Complaint are denied.

17. The allegations of paragraph 17 of the First Amended Complaint are denied.

18. The allegations of paragraph 18 of the First Amended Complaint are denied.

19. The allegations of paragraph 19 of the First Amended Complaint are denied.

20. All allegations in the First Amended Complaint that are not expressly admitted herein are denied.

21. The Defendants request trial by jury of all issues so triable.

22. As a first affirmative defense, the Defendants state that any alleged overtime by the Plaintiff, or any alleged similarly situated employee, spent on the job in excess of Plaintiff's work week was de minimis as defined under the Fair Labor Standards Act 29 U.S.C. § 207(a)(1), and therefore, Plaintiff, and any alleged similarly situated employee, are not entitled to compensation.

23. As a second affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, Plaintiff's claim and those of any other claimants, are limited to two years, not three years.

24. As a third affirmative defense, the Defendants state that Plaintiff's claims arising more than two years prior to the date of the filing of the Complaint are barred by the statute of limitation as defined in the Portal-to-Portal Act 29 U.S.C. § 255. Defendants further state that

Plaintiff's, or any alleged similarly situated employee's, claims are barred, as the acts or omissions complained of were done in good faith and the Defendant was acting in good faith in reliance on and conformity with the Portal-to-Portal Act, 29 U.S.C. § 255.

25.     As a fourth affirmative defense, the Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 255.

26.     As a fifth affirmative defense, the Defendants state that Defendant Claudio M. Perez lacked the operational control and supervision necessary for the imposition of liability as an employer under the FLSA.

27.     As a sixth affirmative defense, the Defendants state that if Defendant Claudio M. Perez is found to have had the operational control and supervision required under the FLSA, his alleged liability is derivative of the corporate Defendant, as Claudio M. Perez is not a Joint Employer.

28.     As a seventh affirmative defense, the Defendants state that Plaintiff's claims are barred, in whole or in part, to the extent they seek compensation in this action for anything other than compensable working time.

29.     As an eighth affirmative defense, the Defendants state that if Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours because he was paid for all hours worked.

30.     As a ninth affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such

action or omission was not in violation of the FLSA.  Moreover, Plaintiff was paid based upon time sheets he submitted.  Defendants accordingly request this Court, in the exercise of its discretion, not make an award of liquidated damages to Plaintiff, or any alleged similarly situated employee, should any omission have occurred.

31.   As a tenth affirmative defense, the Defendants state that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff and some or all of any prospective plaintiffs worked the hours claimed.

32.   As an eleventh affirmative defense, the Defendants state that the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which he performed no work, including breaks, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

33.   As a twelfth affirmative defense, the Defendants state that Defendants are entitled to recover reasonable attorney's fees and costs from Plaintiff, as this action is frivolous. Defendants have retained the undersigned attorney and have agreed to pay him a reasonable fee for his services.

WHEREFORE, the Defendants deny all claims against them and request judgment in their favor at the cost and expense of the Plaintiff.  The Defendants further request such other relief as shall be appropriate.

CASE NO.:  1:17-cv-23796-CMA

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 28th day of November 2017, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendants, South Florida Jail Ministries, Inc., d/b/a Agape Family Ministries, South Florida Jail Ministries, Inc., d/b/a AGAPE NETWORK and CLAUDIO M. PEREZ*
        Cole, Scott & Kissane Building
        9150 South Dadeland Boulevard, Suite 1400
        Miami, Florida 33256
        Telephone  (305) 350-5338
        Facsimile   (305) 373-2294
        Primary e-mail: edward.polk@csklegal.com
        Secondary e-mail: danise.townsend@csklegal.com
        Primary e-mail: liannys.morgan@csklegal.com

By: s/ Edward S. Polk
    EDWARD S. POLK
    Florida Bar No.:  239860
    LIANNYS MORGAN
    Florida Bar No.:  1003326

1085.0773-00/8499906