UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23796-CMA

GUILLERMO JAIME,

    Plaintiff,

v.

SOUTH FLORIDA JAIL MINISTRIES, INC.
d/b/a AGAPE FAMILY MINISTRIES,
SOUTH FLORIDA JAIL MINISTRIES, INC
d/b/a AGAPE NETWORK and CLAUDIO M.
PEREZ,

    Defendants.
_____/

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

The Defendants, through undersigned counsel, and in accordance with the Court's Order in Actions Brought Under the Fair Labor Standards Act (ECF 3) respond to the Plaintiff's Statement of Claim (ECF 8) as follows:

1. The Defendants dispute the assertion that any failure to pay overtime was willful or intentional, and it is therefore asserted that Plaintiff's claim is limited to the time on or after October 17, 2015, two years prior to filing this action.

2. The Defendants further assert that Claudio M. Perez did not have the requisite operational control to be individually liable herein.

3. Any failure to pay Plaintiff the correct amount was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Therefore, liquidated damages should not be awarded.

4. Plaintiff asserts a claim through October 17, 2017, despite the fact he ceased working for any of the Defendants on or about August 26, 2017. Therefore, the Plaintiff has

claimed damages for more than seven weeks during which he was not employed by and did not work for the Defendants.

5. Plaintiff's Statement of Claim consists of general assumptions and lacks any meaningful specificity or supporting documentation. It is therefore difficult to respond to Plaintiff's projected claim on a point by point basis.

6. Throughout his time at Agape, Plaintiff was paid for all hours worked, as reflected in the Timesheet Report sheets provided to Plaintiff's counsel with this Response. Therefore, Plaintiff's assumption that he is owed 1½ times his hourly rate for any unpaid overtime is incorrect, as he would only be entitled to recover the one-half hourly rate premium for the overtime hours. (A copy of the Timesheet Reports will be provided to Magistrate Judge Goodman prior to the Settlement Conference, but is not filed on the record at this time because it is voluminous (578 pages) and may contain sensitive information).

7. Plaintiff's rate of pay was either $20 or $23 per hour for most tasks, but for some tasks was either $8 or $10 per hour. Also served herewith to the Plaintiff's counsel is an Excel spreadsheet delineating the hours worked and paid, and at what rates, in each week. A copy of this document will also be provided to Magistrate Judge Goodman in advance of the Settlement Conference. The OT Rate for each week was computed by calculating an average hourly rate for the week on the basis of the different pay rates as they occurred.[1]

8. On the basis of these calculations, the amount of overtime owed for the two year period immediately preceeding filing of this action is $1,720.68, without liquidation. If Plaintiff is permitted to claim three years, the total amount owed would be $3,524.67 (including the amount for two years, not in addition to it) without liquidation.

---

[1] For each week the number of "OT Hours" multiplied times the "OT Rate" will yield the "OT Owed" for that week. The "Notes/Mtg*" column provides the dates of services paid at either $10 per hour or $8 per hour and the number of such hours.

CASE NO.: 1:17-cv-23796-CMA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December 2017, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

          COLE, SCOTT & KISSANE, P.A.
          Counsel for Defendants
          9150 South Dadeland Boulevard, Suite 1400
          Miami, Florida 33156
          Telephone (305) 350-5338
          Facsimile (305) 373-2294
          Primary e-mail: Edward.Polk@csklegal.com
          Secondary e-mail:  Liannis.Morgan@csklegal.com
          Alternate e-mail:  danise.townsend@csklegal.com

By:   s/ ***EDWARD S. POLK***
          EDWARD S. POLK
          Florida Bar No.:  239860
          Liannys Morgan
          Florida Bar No.:  1003326